BULA E. CROKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41121. Promulgated January 31, 1933.

*Richard D. Mackey, Esq.*, and *Francis R. Driscoll, Esq.*, for the petitioner.

*O. W. Swecker, Esq.*, for the respondent.

590

OPINION.

SMITH: The first question raised by the petitioner is with respect to the addition to gross income of $7,200 claimed to represent interest on a mortgage note owned by the petitioner. At the hearing of this case the respondent admitted that only $3,600 should have been added to the gross income reported by the petitioner. The petitioner contends, on the other hand, that no part of such amount constituted taxable income to her because not received by her within the year. Petitioner further contends that if the amount of $3,600 is included in gross income it should be allowed as a deduction from gross income, upon the ground that it was embezzled by her agent in 1923.

It is a well established principle of law that receipt by an agent constitutes receipt by the principal. *Maryland Casualty Co.* v. *United States*, 251 U. S. 342; *Julia A. Strauss*, 2 B. T. A. 598; *F. H. Wilson*, 12 B. T. A. 403. With respect to the claim that the amount is deductible from gross income as a loss sustained through embezzlement in 1923, the record shows no proof of embezzlement,

The petitioner brought suit against McDonald late in 1923, or in the early part of 1924, for the recovery of the amount, together with other moneys claimed to belong to her, but it appeared that the agent had a valid claim for offsets to the amounts claimed to be due. Intent is an essential element of the crime of embezzlement, and the cases hold that the crime is not committed where the agent retains money without concealment and under a claim of right, and that it is immaterial whether or not the claim was well founded. See *Staples* v. *Johnson*, 25 App. D. C. 155; *State* v. *Collins*, 14 Atl. 144; *Ridge* v. *State*, 137 N. E. 758. In any event, there is no proof of an embezzlement of the money by McDonald. Furthermore, there is no proof that the amount was a debt ascertained to be worthless and charged off in 1923, for the reason that, in so far as the petitioner knew in 1923, McDonald was financially responsible.

The second allegation of error is that the respondent has erroneously disallowed the deduction from gross income of $36,282.12 representing attorneys' fees and disbursements of 1923. On brief the petitioner waives the right to deduct any amount except the fees for services paid to E. J. L'Engle and to Winters and Foskett. The fees paid to L'Engle were in connection with litigation brought by the petitioner's stepson against her for the rescission of certain transfers of property made by Richard Croker to the petitioner prior to 1920. We held in *Bula E. Croker*, 21 B. T. A. 240, affd., 62 Fed. (2d) 991, that the attorneys' fees paid in connection with this suit in 1922 were not legal deductions from the petitioner's gross income of that year. In accordance with that decision, it is held that the amounts paid in 1923 are not legal deductions from the gross income of 1923. The petitioner contends that a part of the fees paid to E. J. L'Engle in 1923 were in connection with legal proceedings taken on her behalf against her agent, McDonald. An examination of " Exhibit 6 " shows, however, that $1,371.20 of the amount in question was paid by the petitioner on May 19, 1923, and was in connection with the case of *Croker* v. *Croker*, in the Supreme Court of Florida. The balance of the amount, namely, $1,102.61, is made up of numerous expense items beginning June 3, 1922, and ending August 12, 1923. Some of these items clearly have reference to the ancillary probate of the will of Richard Croker in Florida. Upon the evidence of record, the action of the respondent in disallowing the deduction of the entire amount ($2,473.81) paid to L'Engle is sustained.

The petitioner also, in 1923, paid to Winters and Foskett $900. This was for fees paid to this firm of attorneys for advice and for the purpose of employing them to prosecute legal proceedings against

J. B. McDonald, the petitioner's agent in Florida. The petitioner had, together with her husband, appointed McDonald to act as her agent in the sale of valuable real estate in Florida and for the purpose of collecting interest upon bonds and notes. The sale and care of this property and of her investments in Florida constituted her business. The fact that she employed an agent to act for her in these matters does not change the status of her business. The taxing statute permits as individual to deduct from gross income all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 214 (a) (1), Revenue Act of 1921. Looking after her business interests required the time and attention of the petitioner in 1923. In *Kornhauser* v. *United States*, 276 U. S. 145, it was held that where a suit or action against a taxpayer is directly connected with, or " proximately resulted from, his business, the expense incurred is a business expense within the meaning of section 214 (a), subd. 1, of the act." It is held that the petitioner is entitled to deduct from gross income the attorneys' fee of $900 paid Winters and Foskett. Cf. *Richard Croker, Jr.*, 12 B. T. A. 408.

The claim of the petitioner for the deduction of $24,838.25 representing the difference between the net proceeds of a mortgage sold and the amount remitted to her by her agent is claimed as a deduction from gross income as a bad debt or as a loss sustained through embezzlement. This claim stands upon the same plane as the claim with respect to the interest upon the mortgage, and for reasons above stated it is not sustained.

Petitioner, through her agent, paid in 1923 $2,957.22 real estate taxes assessed upon her property in Florida. The Commissioner has allowed the deduction of only $2,565.58 of this amount. The petitioner is entitled to the deduction of $2,957.22 for taxes paid. The petitioner further claims the right to deduct from gross income $3,355.38 paid by her agent, McDonald, in connection with real estate assessed to Palm Beach Estates, a corporation. The evidence indicates that these lands belonged to Palm Beach Estates and not to the petitioner. The taxes assessed upon those lands are taxes of the corporation and not of the petitioner. The disallowance by the respondent of the deduction for such taxes is sustained.

*Judgment will be entered under Rule 50.*