WADDELL F. SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16284. Promulgated April 28, 1948.

*Waddell F. Smith*, pro se.
*George J. Le Blanc, Esq.*, for the respondent.

## OPINION.

BLACK, *Judge*: Petitioner has not filed any brief, but we have considered his case as carefully as if he had.

There is no question but that petitioner has lost a very valuable dog, and we think he has established with reasonable certainty that the dog had cost him, including the cost of training, as much as $1,000. But not every loss is a deductible loss in computing one's taxable net income. If the loss is to be deducted, authority for it must be found in the statute. Section 23 (e) of the Internal Revenue Code[1] is the section of the statute which provides for deduction of losses in certain cases.

The record in this case, we think, rather clearly establishes that the deduction here sought by petitioner is not allowable under the provisions of either section 23 (e) (1) or section 23 (e) (2) of the Internal Revenue Code. The petitioner's testimony indicates that the operation of both the quail preserve and the dog kennels situated thereon was in furtherance of his personal hobby of hunting and was for the personal use of himself and the entertainment of guests. The petitioner has never received any income from the quail preserve, has never boarded dogs for profit, and has never sold or offered for sale any of the dogs raised by him. As a matter of fact, the record shows the petitioner had an opportunity to sell the dog here involved about a year before the dog's disappearance, but he discouraged any negotiations with respect thereto because "money was not of particular interest." Under such circumstances, it can not be said that the loss here under consideration was incurred in a trade or business or in connection with a transaction entered into for profit. See secs. 28.31 and 28.34, vol. 5, Mertens Law of Federal Income Taxation, and the cases there discussed.

The deduction sought by petitioner likewise fails to come within the ambit of section 23 (e) (3) of the code, which provides for the deductibility of uncompensated losses of property not connected with a trade or business, when such losses arise from fires, storms, shipwreck, or other casualty. The petitioner has failed to establish that

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

\* \* \* \* \* \* \*

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

(1) if incurred in trade or business ; or

(2) if incurred in any transaction entered into for profit, though not connected with the trade or business ; or

(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft. No loss shall be allowed as a deduction under this paragraph if at the time of the filing of the return such loss has been claimed as a deduction for estate tax purposes in the estate tax return.

the loss is due to any of such causes. As a matter of fact, the petitioner does not know what actually happened to his dog. The dog was released for exercise by a handler and was never seen again. The circumstances of the loss fail to qualify it for deduction as an "other casualty," for it has been held that in construing the meaning of that term the rule of *ejusdem generis* is applicable and in order that a loss may be deductible under this provision it must appear that the casualty was of similar character to a fire, storm, or a shipwreck. *J. Fred Hughes*, 1 B. T. A. 944.

Was petitioner's loss from theft? He would be clearly entitled to deduct the loss he claims if he has proved that the dog was stolen. But there is no proof sufficient to enable us to make a finding that the dog was stolen. Petitioner in his testimony indicated that he thought the dog had been stolen, but his belief to that effect can not be taken as proof. Petitioner widely advertised the loss of the dog by posters. One of these posters is in evidence. It bears a picture of the dog with this inscription in large letters: "Lost Dog $100 Reward." Then follows a detailed description of the dog.

The writer of this opinion, when he was a much younger man than he is now, lived in a section of Texas where in those days cattle and horses grazed on the open range. Frequently one would turn up missing and the owner would advertise the loss with posters reading "Lost or Stolen," followed by the description of the animal and the offer of a suitable reward for its return. Sometimes the animal would be found and returned and there was great rejoicing reminiscent of the shepherd described in St. Luke's Gospel, who, when he had found his lost sheep, "* * * calleth together his friends and neighbors, saying unto them, Rejoice with me; for I have found my sheep which was lost." At other times the animal was never found, but it could scarcely be maintained that the failure to find the animal would be any satisfactory proof that it had been stolen. Too many other things could happen. So we think we must hold on the facts of the instant case.

If the pictures of "Waddell's Proud Bum" exhibited at the hearing are a true likeness of him, and we have no doubt they are, he would be a tempting prize for someone who was criminal-minded enough to steal a fine dog. We have never seen a more beautiful and intelligent looking dog. But for reasons already stated, we do not feel that the evidence adduced at the hearing will enable us to make a definite finding that the dog was stolen. There is certainly no direct evidence to that effect and the circumstantial evidence is not strong enough to support such a finding. We must, therefore, sustain the Commissioner's determination for lack of evidence to show that it was error.

*Decision will be entered for the respondent.*