Mary I. Manahan v. Commissioner.
Manahan v. Commissioner
Docket No. 25760.
United States Tax Court
1950 Tax Ct. Memo LEXIS 29; 9 T.C.M. (CCH) 1095; T.C.M. (RIA) 50294; November 29, 1950
Edward J. Scheel, Esq., for the petitioner. Lester H. Salter, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income tax for the calendar year 1947. Deficiency was determined in the amount of $209. The petitioner asks for a refund of $406.92. The only issue presented is whether the petitioner is entitled to a deduction for loss of a brooch. We make the following findings of fact: [The Facts] The petitioner, a resident of Morristown, New Jersey, filed her Federal income tax returns for the year 1947 with the collector for the fifth district of New Jersey, at Newark, New Jersey. In her original return she claimed deduction of $1,000 for loss of an emerald brooch, and in an amended return claimed a loss of $4,000 therefor. *30 On January 11, 1947, the petitioner and her husband, with another couple, attended a party at a restaurant. She was wearing an emerald brooch, about an inch long, about a quarterinch wide, and studded with diamonds. It had an ordinary catch and a safety catch. Her husband saw the brooch just before they left the restaurant. Upon their return home the loss of the brooch was discovered. Petitioner had been wearing a dress which at trial showed a tear on the left side, near the shoulder. A telephone call was made to the restaurant and a search was made. The chief of police was notified. The brooch was not found. [Opinion] The above comprises the facts proven. It is obvious that the evidence is unsatisfactory, and equally obvious that it does not establish theft, under section 23(e)(3) of the Internal Revenue Code, providing for deduction of loss arising "from fires, storms, shipwreck, or other casualty, or from theft." Merely losing the brooch is not sufficient to establish deduction, since "other casualty" must be of the same general nature as fires, storms or shipwrecks. Shearer v. Anderson, 16 Fed. (2d) 995. The mere belief, without proof, *31 that there was theft is insufficient to show theft. Waddell F. Smith, 10 T.C. 701. Moreover there is no proof whatever that the loss was "not compensated for by insurance or otherwise," as required by section 23(e) for deductible losses by individuals. There is also no proof of cost or other basis, or of value. Though petitioner's husband, as a witness, expressed the view: "* * * it was valued, from all sources that we can gather from, at $5000," we consider such opinion, from one not the owner, as not proving value to say nothing of cost or other basis. However, assuming basis for computation of loss properly proven, there is no proof of theft. We hold that the Commissioner is not shown to have erred in the determination of deficiency. Decision will be entered for the respondent.