LILLIAN S. PROCTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31320. Promulgated December 4, 1952.

*Kenneth M. Spence, Esq., Paul Van Anda, Esq.*, and *Arthur Windels, Esq.*, for the petitioner.
*Rigmor O. Carlsen, Esq.*, for the respondent.

393

OPINION.

Raum, *Judge:* Petitioner's principal contention is that she is entitled to a deduction of $175,378.44 under section 23 (e) (2) of the

Internal Revenue Code as a loss sustained in a "transaction entered into for profit." The amount in question represents her aggregate expenditures to acquire remainder interests of her son in two trusts.

Petitioner was the life beneficiary of these trusts, and her son's remainder interests could take effect in possession or enjoyment only if he survived petitioner; otherwise, the remainders were to go to her son's issue. The son died in 1947, during petitioner's lifetime, and she seeks to deduct as a loss in that year the total expenditures which she had made to obtain the remainder interests.

The statutory provisions involved allow the loss only where the transaction is "entered into for profit," and there is no dispute between the parties that petitioner's motive in acquiring her son's remainder interests is crucial. Cf. *Early* v. *Atkinson*, 175 F. 2d 118, 122 (C. A. 4).

We have examined the entire record with care, and are fully convinced that petitioner's acquisition of the defeasible remainder interests was not a transaction entered into for profit. Although she no doubt could have sold these interests, we are satisfied that she never intended to do so, and that her only intention was to prevent them from being sold or otherwise dissipated and to make them part of her estate so that she could transfer them to her grandchildren at her death.[3] Petitioner's contention that these remainder interests had a speculative value from which she might have derived a profit is wholly irrelevant on the facts of this case. The point is that such speculative possibility played no part whatever in her motive in acquiring these interests.

Petitioner argues that she acquired each remainder interest in an arm's-length transaction. Although such was no doubt true, at least in a qualified sense,[4] it does not affect our ultimate conclusion that the transaction was not entered into for profit. For example, although the purchase of a house for one's personal occupancy may well be made at arm's length, it is nevertheless clear that the transaction is not one entered into for profit.

We conclude that if petitioner sustained any loss as a result of her son's death, it cannot be deductible under section 23 (e) (2), since it did not arise from a transaction or transactions entered into for profit. Cf. *Thomas* v. *Commissioner*, 100 F. 2d 408, 411 (C. A. 2); *Frederic A. Seidler*, 18 T. C. 256. In the circumstances, it becomes unnecessary

---

[3] The fact that by successive subsequent modifications of her will she diminished the share going to one grandchild, while increasing the share going to the other, does not detract from her basic intention, as it then existed, to provide for the devolution of the property to her grandchildren.

[4] Petitioner's relations with her son had become quite strained, and the negotiations relating to the transfers of his remainder interests were carried on between lawyers who undoubtedly undertook to safeguard the interests of their respective clients. In that sense, the transactions were certainly at arm's length. Yet, it is difficult to believe that, notwithstanding the strained relations between petitioner and her son, she would have even remotely considered entering into such transaction but for the fact that he was her son.

to consider respondent's alternative contention that petitioner sustained no loss at all; that she received exactly what she paid for, namely, a right to have her estate receive the full value of the assigned remainders if she died before him. Cf. *Helvering* v. *Louis*, 77 F. 2d 386 (C. A. D. C.) ; *Early* v. *Atkinson, supra*.[5]

Petitioner's contention that the deduction is allowable alternatively under section 23 (e) (3) is without merit. Section 23 (e) (3) permits a deduction for losses arising from "fires, storms, shipwreck, or other casualty, or from theft." It is plain that these provisions have no application here. Petitioner's position that her son's death falls within the term "other casualty" would stretch the statutory language far beyond its intended coverage. The term "other casualty" has been consistently treated as referring to an event similar in character to a fire, storm, or shipwreck. See *Waddell F. Smith*, 10 T. C. 701, 705. The death of petitioner's son was certainly not such an event.

*Decision will be entered for the respondent.*

[5] Moreover, the loss provisions of section 23 (e) (2) may be inapplicable here by reason of the fact that the remaindermen who were designated to take in the event of her son's prior death were his issue, the very persons that petitioner wished to benefit at her death. Her objective was thus achieved at least in part, and a serious question arises whether in these circumstances petitioner sustained the kind of loss contemplated by the statute.