PAUL BAKEWELL, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47853.   Filed January 31, 1955.

*Paul Bakewell, Jr., Esq., pro se.*
*Hunter D. Heggie, Esq.,* for the respondent.

OPINION.

JOHNSON, *Judge:* In the first issue petitioner maintains that the expense of his hearing aid is an ordinary and necessary business expense. Respondent has disallowed the deduction as a business expense under the theory that it is a personal expense under section 24 (a) (1).[1] Respondent admits on brief that "any expense incurred in the maintenance of a hearing aid would be a deductible medical expense." If petitioner had taken the expense of the hearing aid as a medical deduction he would not have had any tax benefit for the expense was not in excess of 5 per cent of his adjusted gross income. See sec. 23 (x), I. R. C., 1939.

The crux of this question is whether these expenses are personal or business within the meaning of the tax law. Admittedly, a hearing aid is a personal thing, but by a particular use can it acquire a business aspect? We do not believe that a hearing aid is different in principle from eye glasses or false teeth. One would hardly consider that eye glasses were a deductible business expense; the courts have ruled on the deductibility of the cost of dentures.

In *Reginald Denny*, 33 B. T. A. 738, a motion picture actor was allowed as a business expense the cost of a dental bridge to replace teeth which had been knocked out in a prizefight picture. The *Denny* case was held to be analogous to *Charles Hutchison*, 13 B. T. A. 1187, where a stunt actor was allowed to deduct the cost of clothing destroyed in performing the feats required in his work.

However, in *Sparkman* v. *Commissioner*, 112 F. 2d 774, affirming a Tax Court Memorandum Opinion entered March 13, 1939, a motion picture actor purchased artificial teeth to eliminate a hiss which had developed in his speech. The dental work restored perfect enuncia-

---

[1] SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x).

tion which was required in his profession. Here the Court found that the taxpayer did not prove that the teeth were used for business purposes only, and therefore the expense was personal and not a deductible business expense.

Like the situation in the *Sparkman* case, the evidence in the present case does not warrant a finding that the hearing aid was used or intended to be used for business purposes only. In fact there is evidence to the contrary that the hearing aid was used in petitioner's purely personal activities. The personal use militates against the petitioner's position and under the rule of the *Sparkman* case, we must sustain the respondent's determination. ·

However, there is something more fundamental than whether petitioner gave sufficient evidence to support his position. Section 24 (a) (1) denies a deduction in any case, excepting extraordinary medical expense, for personal expense. We believe that a hearing aid is so personal as to come within the meaning of section 24 (a) (1). Even if it is used in petitioner's business, in fact even if it is necessary for his successful law practice, the device is so personal as to preclude it from being a business expense. A businessman's suit, a saleslady's dress, the accountant's glasses are necessary for their business but the necessity does not overcome the personal nature of these items and make them a deductible business expense. The same must be said of the hearing aid. The respondent must be sustained on this first issue.

The next issue we must decide is whether petitioner is entitled to a theft deduction under section 23 (e) (3) for the loss of his wallet. The essence of petitioner's position is that a theft has been established by the following facts: He placed his wallet in his pocket; later his wallet containing money and identification was not to be found on his person after he had walked four blocks and had traveled up and down in a crowded elevator; and finally the wallet and its contents were not returned to him. Respondent maintains that petitioner is not entitled to the deduction because he has not shown that the wallet was stolen.

In *Waddell F. Smith*, 10 T. C. 701, mere evidence that property disappeared, a dog in that case, was not proof that there was a loss which would entitle the taxpayer to a casualty or theft deduction. Similarly, in *Mary Frances Allen*, 16 T. C. 163, where a brooch disappeared, there was no proof of a theft and it was held that the suspicion of a theft was not enough to bring the loss within section 23 (e) (3).

Petitioner's position in the present case is similar to that of the taxpayers in the *Allen* and *Smith* cases. Here, too, there is only the suspicion of a theft. Not only has petitioner failed to prove an actual theft but there has been no showing that the wallet was found and

not returned so as to constitute a theft by operation of law.[2]   On the record, the respondent is sustained on the second issue.

*Decision will be entered for the respondent.*

---

[2] Mo. Rev. Stat., 1939.
Sec. 4466. Fraudulent conversion of property.
   Every person who shall convert to his own use, or make way with or secrete with intent to convert to his own use, any money, goods, right in action or other personal property or valuable thing whatsoever, of the value of thirty dollars or more, belonging to another, with intent to defraud the owner, which shall have been lost, and which such person shall not have obtained lawful title thereto, shall be deemed guilty of grand larceny, and shall, upon conviction thereof, be punished by imprisonment in the penitentiary not exceeding five years. * * *