Daniel Kates and Hilda Kates v. Commissioner.
Kates v. Commissioner
Docket No. 88220.
United States Tax Court
T.C. Memo 1962-258; 1962 Tax Ct. Memo LEXIS 52; 21 T.C.M. (CCH) 1396; T.C.M. (RIA) 62258; October 31, 1962
*52 Held: Expenses of work clothes and educational costs are nondeductible personal expenses; the amounts of business expenses for automobile, entertainment, and miscellaneous business expenses determined. Jonathan P. Goldberg, Esq., for the petitioners. Robert D. Whorisky, Esq., for the respondent. HARRON *53 Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent determined a deficiency in income tax for the taxable year 1957 in the amount of $796.78. The general issue is whether the petitioner is entitled to deductions under section 162(a) or 212(1), 1954 Code, in the total amount of $2,532, or smaller amounts. Findings of Fact The petitioners reside in Brooklyn, New York. Their joint return was filed with the district director of internal revenue for the Brooklyn District. Daniel Kates is hereinafter referred to as the petitioner. Petitioner is an employee of Mailograph Company and was so employed in 1957. He was not an officer or stockholder of the corporation. He was in charge of the lithograph department where he supervised about 9 employees; he described his occupation as "Lithographer" in his return. Mailograph's plant is located on Water Street in New York City. Petitioner's brother, Arnold D. Kates, is and was the president and sole stockholder. There is a vice-president, in charge of sales. Mailograph's business is direct mail advertising in which advertising circulars, letters, and brochures are designed, printed, and mailed in large quantities *54 for customers. Mailograph employed in 1957 about 15 employees in its plant and 7 in its office. Mailograph employs the services of a firm of public accountants. They make entries in the general ledger and check and reconcile bookkeeping entries made by Mailograph's bookkeeper. Petitioner's return was prepared by an employee of the accounting firm. Petitioner was paid a salary by Mailograph in the taxable year in the total amount of $22,478.96, which petitioner reported in his return; income tax of $3,613.81 was withheld. No other amount was reported by petitioner as a receipt from Mailograph. All payments aggregating $22,478.96 were entered on the payroll card of petitioner as salary payments. The books of Mailograph show that only 2 payments were made to petitioner in 1957 in addition to salary payments; a check for $240 dated March 2, 1957, and a check for $75 dated April 15, 1957; $315. They were charged to lithograph expenses. Petitioner did not report them in his return. He did not submit any expense memoranda to Mailograph in connection with these payments. In his return, petitioner itemized (to some extent) deductions totaling $5,980.09, which included $52 for work clothes *55 and laundry, and an unitemized amount of $2,480 described as expenses paid in deriving income, not reimbursed, such as auto repairs, gas, oil, insurance, garage, and other items. Respondent disallowed deductions of $52 and $2,480 because they were neither substantiated nor shown to be ordinary and necessary expenses of producing income. Petitioner did not submit to Mailograph any statements or expense accounts for any alleged business or income producing expenses, and he did not keep any records of them. Almost all of them represent petitioner's estimates. Petitioner paid a laundry concern one dollar per week, or $52 during 1957, for the rental and laundering of 3 suits of work clothes consisting of a short sleeve shirt and trousers. Petitioner was not required by his employer to incur this expense and he was not reimbursed. He paid it voluntarily and for his convenience. Mailograph did not require that petitioner wear any uniform, any particular type of work clothes, or the work clothes in question. Petitioner elected to use the clothing furnished by the laundry service in lieu of his own clothing. Petitioner wore the rented work clothes about three-fourths of his working hours *56 while operating machines; he wore a business suit the rest of the time. From January through May 1957, petitioner was enrolled at Pace College, New York City, in an accounting course. He paid $92.50 for registration and tuition fees and some additional amount for text books and materials. The course covered setting up accounting records and general accounting methods. Petitioner decided which course he would take. Mailograph did not require that he take the course and it did not have any proximate relationship to any of the services rendered by petitioner. The primary purpose of taking the course was not to improve skills required by petitioner in his employment. Petitioner drove to work at least 4 days each week from Brooklyn through a tunnel to lower Manhattan. He paid a toll charge of 35 cents each trip and a parking charge at a place near his shop of $2 per day. In addition, he paid some hourly parking charges during the year. The total mileage driven during the year for all purposes was about 9,000 miles. He did not keep any record of the mileage of any business use of his car. He used his automobile from time to time in connection with Mailograph's business when he called *57 on customers with certain materials and equipment, when he picked up or delivered materials, and when he worked overtime and he handled emergency calls. Petitioner attended meetings throughout the year of several trade associations whose members engaged in the mail advertising business, lithography and printing, and he visited showrooms of suppliers of equipment and materials. Petitioner's employer considered it necessary for petitioner to do so and, also, to take some of Mailograph's employees to some of the meetings, usually dinner meetings. On April 11, 1957, petitioner went to Pittsburgh to attend a 3-day business convention and seminar at Carnegie Tech where printing plant procedures were discussed. Petitioner paid traveling, hotel, and meals expenses. Petitioner paid for some telephone calls related to his employer's business, and occasionally paid for meals and drinks for customers and employees of Mailograph while engaged in handling some of its business matters. The amounts spent by petitioner for the rental and laundry of work clothes, and for fees, tuition, books, and materials at Pace College were nondeductible personal expenses. Petitioner incurred and paid *58 some ordinary and necessary business and income producing expenses which were proximately related to the business of Mailograph, for which he was not reimbursed, in the amount of $200. Opinion Petitioner relies chiefly upon his own testimony to support his claim for all of the deductions. It consists of estimates. His testimony is at best vague. Giving it full consideration it must be concluded that for the most part he has failed to establish both the amounts of the alleged expenditures and that, if made, they were ordinary and necessary expenses of his business and income producing activities and were not nondeductible personal expenses. Furthermore, the record shows that Mailograph paid him in March and April of 1957 $315, which was entered in its books as lithograph department expenses, for which he did not submit any expense account. Petitioner's burden of proof included showing that none of the $315 covered any of the alleged expenses, such as the Pittsburgh trip, telephone, entertainment, and automobile expenses for which he claimed deductions in his return. He failed to meet this part of his burden of proof. Also, he has not shown that expenditures for his own meals when *59 he attended trade association meetings were any greater than he would have paid in any event for his own personal purposes. Such estimated expenses consequently must be disallowed. Richard A. Sutter, 21 T.C. 170, 174 (1953). We are convinced, however, that petitioner used his car to some extent in his work for Mailograph apart from personal use, that he was required by his employer to incur and pay some business entertainment expense and other expenses when he called on customers and visited suppliers' showrooms. Bearing heavily upon petitioner for his own inexactitude in failing to keep records of his actual business and income earning expenses, it is concluded that he incurred and paid such expenses in the amount of $200, for which he was not reimbursed. He is entitled to a business expense deduction of only $200, as ordinary and necessary business expense. Cohan v. Commissioner, 39 F. 2d 540, 543 (C.A. 2, 1930). Petitioner's expenditure for the rental and laundering of work clothes is nondeductible personal expense under section 262. There is nothing distinctive about the work clothes. Petitioner's employer did not require that he wear the garments *60 in question. They took the place of clothing which petitioner otherwise would have provided. He chose to rent them for his own convenience. Ordinarily, clothing and laundry expenses are personal nondeductible expenses. The fact that work clothes receive heavy wear and are not desirable for general wear after a day's work is not determinative of the right to a deduction if they are not in the nature of a uniform or of a character required by the employer. Louis Drill, 8 T.C. 902, 904 (1947). Overalls and work shoes which a painter wears on the job are not distinctive in character or in the nature of a uniform, and the expenses of such clothing are not deductible. The same rule applies to printer's work clothes. Rev. Rul. 57-143, 1957-1 C.B. 89. Also, see Harry A. Roberts, 10 T.C. 581, 585, (1948), affirmed on other issues 176 F. 2d 221 (C.A. 9, 1949); Louis M. Roth, 17 T.C. 1450, 1455 (1952); Paul Bakewell, Jr., 23 T.C. 803 (1955); James Donnelly, 28 T.C. 1278, 1280 (1957), affd. 262 F. 2d 411 (C.A. 2, 1959). The rule expressed in the foregoing cases applies here. The evidence *61 produced here does not bring this case within the rules of Eleanor E. Meier, 2 T.C. 458 (1943); Helen Krusko Harsaghy, 2 T.C. 484 (1943); Betsy Lusk Yeomans, 30 T.C. 757, 767 (1958). Cf. I.T. 3988, 1950-1 C.B. 28; Rev Rul. 56-508, 1956-2 C.B. 126, 128. The evidence does not show that petitioner's employer required his taking the course in accounting at Pace College as a condition of his continued employment or for any other reason. Mailograph hired its own bookkeeper and engaged the services of an accounting firm. Petitioner's job, as head of the lithograph department, did not require any actual accounting work by petitioner; the evidence does not establish that any other aspects of his work for Mailograph required him to do any accounting work, or that the taking of the accounting course had any proximate connection with his services to his employer. The only conclusion which can be made is that petitioner took the course to fulfill his desire to add to his general education. Section 1.162-5, Income Tax Regulations, has "liberalized" the rule on the deductibility of education expenses. *62 But in order to be deductible, such expenses must have been made for education undertaken primarily for either maintaining or improving "skills required by the taxpayer in his employment or other trade or business," or meeting "the express requirements of a taxpayer's employer * * * imposed as a condition to the retention by the taxpayer of his salary, status or employment." Petitioner has failed to prove that the course taken at Pace College meets the conditions contained in the pertinent regulation. Petitioner does not rely upon any particular case or authority; each case stands on its own facts. We have considered, however, relevant authorities. The reasoning of John S. Watson, 31 T.C. 1014, 1017 (1959), and of Cosimo A. Carlucci, 37 T.C. 695, 701-702 (1962) does not apply here. See Arnold Namrow, 33 T.C. 419, 434 (1939), affd. 288 F. 2d 648 (C.A. 4, 1961), where deductions of education expenses were denied because the evidence showed that attendance at institutes was not for the purpose of improving skills already possessed. On the record before us, we are unable to find any factual support for petitioner's contention that *63 he was required by Mailograph to take the accounting course, or that his taking the course primarily served a bona fide purpose of Mailograph, or that petitioner held an "executive" position in Mailograph during the taxable year in connection with which the taking of the course was required. Decision will be entered under Rule 50.