Emil A. Wold and Edna B. Wold v. Commissioner.
Wold v. Commissioner
Docket No. 358-62.
United States Tax Court
T.C. Memo 1963-154; 1963 Tax Ct. Memo LEXIS 191; 22 T.C.M. (CCH) 732; T.C.M. (RIA) 63154; June 4, 1963
Emi. A. Wold, pro se., 4645 Ewing Ave. S., Minneapolis, Minn. Benjamin E. Butts, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The respondent determined a deficiency of $183.06 in petitioners' income tax for the taxable year 1959. The only issue for decision is whether petitioners sustained a casualty loss under section 165(c)(3) of the Internal Revenue Code of 1954[1] by reason of the breakdown of the motor in their 1958 Chrysler automobile. *192 Findings of Fact Some of the facts have been stipulated, are incorporated herein by this reference, and are found accordingly. The petitioners are husband and wife and reside in Minneapolis, Minnesota. Their Federal income tax return for the taxable year 1959 was filed with the district director of internal revenue for the district of Minnesota. In October 1958, Emil A. Wold, hereinafter referred to as the petitioner, purchased a 1958 model Chrysler Windsor automobile. As of December 12, 1959, [2] the speedometer on petitioner's Chrysler registered 14,213 miles. On December 12, 1959, the petitioner started on a trip and while driving the Chrysler at approximately 60 miles per hour along a well paved highway he suddenly heard a loud noise in the motor. Petitioner immediately stopped the car. Kulick Motor Sales Company, a nearby automobile dealer, was contacted and petitioner's car was towed to the *193 dealer's garage. The shop foreman at the garage informed petitioner that two connecting rods were damaged beyong repair and that the motor was in bad shape. As a result, petitioner was advised that he would need a new motor. Petitioner authorized the dealer to make the necessary repairs, and thereafter the dealer installed in petitioner's automobile a new short-block assembly which included a crankshaft and bearings, eight new pistons and rings, eight new connecting rods and bearings, camshaft and bearings, camshaft thrust plate, camshaft gear and timing chain, the cylinder block, and a new oil pump. The cost to petitioner of these repairs was $538.40, which sum petitioner paid on December 18, 1959. Petitioner's automobile had never been involved in a collision, and at no time prior to or contemporaneous with the development of the noise in the motor had the motor been struck by any external or natural force. On December 18, 1959, Kulick Motor Sales Company, on behalf of petitioner, filed a claim with the Chrysler Motor Corporation in the amount of $538.40 in an attempt to obtain reimbursement from said company for the cost of replacing the motor in petitioner's car. In October *194 1960, petitioner received the sum of $231.53 from the Chrysler Motor Corporation in satisfaction of the claim. Petitioner concedes that respondent's determination is correct to the extent petitioner received reimbursement from the Chrysler Motor Corporation. Opinion The only issue before us is whether petitioner sustained a casualty loss as a result of the breakdown of his automobile's engine. This Court has generally adhered to the view that in construing the term "other casualty" as used in section 165(c)(3) of the 1954 Code, the rule of ejusdem generis is applicable, that is, in order for the loss to be deductible, the taxpayer must prove that the destructive event or happening was similar in nature to a fire, storm, or shipwreck. Ray Durden, 3 T.C. 1 (1944); Waddell F. Smith, 10 T.C. 701 (1948); Raymond Tank, 29 T.C. 677 (1958), reversed on other grounds 270 F. 2d 477 (C.A. 6, 1959). But cf. E. G. Kilroe, 32 T.C. 1304 (1959), where this Court held that an invasion by termites under certain conditions is within the purview of section 165(c)(3). In any event, the term "casualty" denotes a sudden invasion by *195 an external or hostile agency; Fay v. Helvering, 120 F. 2d 253 (C.A. 2, 1941), affirming 42 B.T.A. 206 (1940); Raymond Tank, supra. It excludes the progessive deterioration of property through a steadily operating cause. Ray Durden, supra; Fay v. Helvering, supra. In the instant case, the petitioner admitted that prior to the engine's breakdown the car was not involved in any collisions and the engine had not been struck or invaded by any external force. Furthermore, no evidence was offered to negate the possibility that the car may have been in a damaged or defective condition when acquired by petitioner and that his subsequent use of it caused it to deteriorate progressively to the point where it ceased to function. Accordingly, it is the conclusion of this Court that under the circumstances of this case the breakdown of the motor in petitioner's automobile did not constitute an "other casualty" within the meaning of section 165(c)(3) of the 1954 Code. Decision will be entered for the respondent. Footnotes
1. SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * *
(c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - * * *
(3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. * * *↩
2. The stipulation of facts indicates a date of December 12, 1958. The Court has assumed that this represents a typographical error since both the respondent and the petitioner at the trial and on brief refer to the date of the speedometer reading as being December 12, 1959.↩