Harvey E. Banks and Irene Banks v. Commissioner.
Banks v. Commissioner
Docket No. 6723-70 "SC"
United States Tax Court
T.C. Memo 1971-109; 1971 Tax Ct. Memo LEXIS 227; 30 T.C.M. (CCH) 463; T.C.M. (RIA) 71109; May 17, 1971, Filed. Harvey E. Banks, pro se, 1731 Chalker Rd., Kennesaw, Ga.Shuford A. Tucker, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1967 in the amount of $139.25. The issue for decision is whether petitioners are entitled to deduct $557 or any portion thereof as a casualty loss because of their 1962 Cadillac automobile developing engine trouble twice within one month in 1967. 464 Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, resided in Kennesaw, Georgia at the time their petition in this case was filed. They filed a joint Federal income tax return for the calendar year 1967 with the Internal Revenue Service Center, Chamblee, *228 Georgia. In 1965 petitioners purchased a used 1962 Cadillac. Approximately one year later, in 1966, the car developed engine trouble and required extensive repairs. In 1967, about one year after the extensive repairs which were made in 1966, petitioners' car required further repairs. Petitioners had the motor rebuilt and paid $232 for this repair. About 3 weeks after this repair, petitioners' car again developed engine trouble. They sold the car for $825. This amount was $525 less than the fair maket value of the car before it developed engine trouble. Petitioners know of no outside agency or force which caused the engine to require repairs. Petitioner Harvey E. Banks was told by the man to whom petitioners sold the car that there was a small crack in the head of the engine which caused a slow leak and was told by several mechanics that such a crack in the head of a car engine was very rare. In addition to the repairs above set forth, petitioners had the transmission on their 1962 Cadillac repaired twice during the time they owned it. Petitioners drove their car about 20,000 miles a year which included driving to Florida three or four times a year. Petitioners had driven their *229 car about 600 miles during the 3 weeks in 1967 between the time the motor was rebuilt and the time they sold the car after it again developed engine trouble. Petitioners on their 1967 joint income tax return deducted a casualty loss of $557 with the following explanation: 1962 Cadillac - Engine overhauled
$132.00
1962 Cadillac - Engine breakdown less than one month after engine overhaul. Worth prior to breakdown $1,350.00, sold for $825.00. Net loss 425.00
Less $100.00 deductibl
$557.00
Note: Heads leaked water not visible to naked eye caused the damage stated above.
Respondent in his notice of deficiency disallowed this claimed deduction with the explanation that petitioners had not established that the claimed losses resulted from casualties within the meaning of section 165, I.R.C. 1954. Opinion Section 165(a)(3), I.R.C. 1954, provides for the deduction by individual taxpayers of losses in excess of $100 of property not connected with a trade or business if such losses arise from "fire, storm, shipwreck, or other casualty." The often quoted definition of casualty as set forth in Fay v. Helvering, 120 F. 2d 253 (C.A. 2, 1941), affirming *230 42 B.T.A. 206 (1940), is "an accident, a mishap, some sudden invasion by a hostile agency; it excludes the progressive deterioration of property through a steadily operating cause." In Clinton H. Mitchell, 42 T.C. 953, 972 (1964), we held that the blowouts occasioned by moving an overloaded trailer hurriedly across the country were not a "casualty" within this accepted definition. In the instant case if we accept petitioners' contention that a crack in the head of an automobile engine is rare, we still do not agree with them that either the amount they expended in having the motor rebuilt in 1967 or any part of the loss they sustained on the sale of their car in that year, about 3 weeks later, is a casualty loss. Petitioner Harvey E. Banks stated that he did not know when the crack came in the head of the engine, but that it "could have been leaking when" the car was purchased in 1965. He further stated that he did not know whether the leak was the cause of the repairs required on the car. The facts here do not show that the crack in the head of the engine was caused by an external force. For all this record shows, the crack could have been a defect in *231 the car when it came from the manufacturer. Petitioners argue that since a crack in an automobile engine is rare and it is unusual for a car to develop engine trouble 3 weeks after its motor has been rebuilt, their losses were sudden and not due to progressive deterioration and therefore they should be entitled to the claimed casualty losses. While this record is insufficient to show that the crack in the car engine was not the result of progressive deterioration, such a showing standing alone would not prove that the crack was 465 an event which resulted in petitioners' sustaining a casualty loss. There is nothing in this record to show that the crack was the result of an accident, a mishap, or some sudden invasion by a hostile agent. The indication is that it was not the result of any such event during the time petitioners owned the car since they knew of no such happening to the car. Any mishap to the car prior to the time petitioners bought it would not result in a casualty loss to petitioners. We conclude that the evidence here fails to show that petitioners sustained any casualty loss in the year 1967. Decision will be entered for respondent.