GARY E. SEXTON and LINDA K. SEXTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sexton v. Commissioner
Docket No. 10818-77.
United States Tax Court
T.C. Memo 1979-81; 1979 Tax Ct. Memo LEXIS 446; 38 T.C.M. (CCH) 340; T.C.M. (RIA) 79081; March 12, 1979, Filed Leon K. Oxley, for the petitioners. Joel V. Williamson, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $156.45 in petitioners' 1974 Federal income tax. The sole issue is the substantiation of an interest deduction taken by petitioners in 1974 under section 163(a). [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Gary E. and Linda K. Sexton, husband and wife, resided in Flatwoods, Kentucky, when they timely filed their 1974 Federal income tax return with the Internal Revenue Service Center, Memphis, *447 Tennessee, and when they filed their petition in this case. Petitioners claimed an itemized deduction for interest on their 1974 return in the amount of $2,660.79. In his notice of deficiency, respondent disallowed $778.33 of the $2,660.79 for failure of substantiation. OPINION Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Petitioners presented no evidence to show that they are entitled to the full amount they took as an interest deduction in 1974. Determinations made by respondent in his notice of deficiency are presumed correct. The burden is on petitioners to show that those determinations are wrong. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners have not met this burden. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩