**Glenn Ross SMITH, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 79–1505.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 1, 1979.

Decided Nov. 7, 1979.

Glenn Ross Smith, pro se.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Wynette J. Hewett, Rich-

ard N. Bush, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Taxpayer appeals from an adverse Tax Court decision, reported at 38 T.C.M. (CCH) 340 (1979), upholding the Commissioner of Internal Revenue's deficiency assessment based on a denial of a casualty loss deduction claimed by taxpayer on his 1974 individual income tax return. We affirm.

The relevant facts are undisputed and fully set out in the Tax Court decision. In brief, petitioner noticed what appeared to be a slight leak from the engine of his automobile. He took it to Riverside Motors, an auto dealership, and advised its personnel of his observations and directed them to take appropriate action to detect the problem and correct it. Later that day he returned to pick up his automobile and was advised that no oil leak was detected and the engine was in proper working condition. Approximately two days later while petitioner was driving under normal operating conditions at around thirty miles per hour, the engine suddenly "seized" and completely stopped. Subsequent examination by Riverside Motors indicated that two of the six piston rods had frozen to the cylinder walls, causing total destruction of the engine. It was conceded by Riverside Motors that inadequate lubrication in the engine caused the breakdown.

■ Petitioner contended in the Tax Court "that the incompetent and negligent failure of Riverside Motors' mechanics to detect and correct the oil leak, and the subsequent sudden, unexpected and unusual 'freezing' of the engine rods constitutes a properly deductible casualty loss."

The Tax Court held:

The agreed facts in this case do not show that the damage to petitioner's Porsche was caused by an accident or mishap. Rather, the reasonable inference from those facts is that the Porsche was mechanically defective, as indicated by the numerous repairs in 1973 and 1974, or it had an oil leak which was not discovered by the Riverside Motors mechanic when he examined the Porsche on December 12, 1974. In either case, petitioner operated the automobile in its defective condition, and the damage occurred as a result of its normal operation, though in a state of disrepair, and not as a result of a casualty within the meaning of section 165(c)(3) (footnote omitted).

The applicable Internal Revenue Code provision, section 165(c)(3), provides:

(c) Limitation on losses of individuals. —In the case of an individual, the deduction under subsection (a) [for losses] shall be limited to—

\*　\*　\*　\*　\*　\*

(3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. \* \* \*.

This language, as explained by various court decisions, requires an accident due to sudden, unexpected, or unusual events as opposed to a gradually developed result, such as one that occurs through normal operation and deterioration. *See, e. g., Rosenberg v. Commissioner,* 198 F.2d 46, 51 (8th Cir. 1952); *Fay v. Helvering,* 120 F.2d 253 (2d Cir. 1941); *Matheson v. Commissioner,* 54 F.2d 537 (2d Cir. 1931).

■ On appeal taxpayer argues (1) "where damage is shown to have resulted from an identifiable event in the nature of the intervention of a human agency, \* \* \* the casualty loss deduction should be permitted[,]" and (2) here the intervening human agency was the failure of the mechanics to locate and correct the problem which resulted in destruction of the engine. The substance of the Commissioner's response is simply that mechanical failures or deteriorations of this nature are not casualty losses, citing, *e. g., Newton v. Commissioner,* 57 T.C. 245 (1971); *Banks v. Commissioner,* 30 T.C.M. (CCH) 463 (1971); *Wold v. Commissioner,* 22 T.C.M. (CCH) 732 (1963), and even if taxpayer had established the loss resulted from the mechanic's failure or negligence, which might give rise to a cause of action against the mechanic, the mechanic's negligence would not convert the loss sus-

tained here into a casualty loss. *See* Treas. Reg. § 1.165–1(d)–(2). The foregoing authority supports the holding of the Tax Court.

The question of whether the engine failure was a casualty loss was one of fact. *Kemper v. Commissioner,* 269 F.2d 184, 185 (8th Cir. 1959). Insofar as the appeal focuses on the inferences to be drawn from the undisputed facts, this court's standard of review is whether the Tax Court's findings were clearly erroneous, *Commissioner v. Duberstein,* 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); *Smith's Estate v. Commissioner,* 313 F.2d 724, 727 (8th Cir. 1963), and findings of fact are not clearly erroneous unless the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. U. S. Gypsum Co.,* 333 U.S. 364, 394–95, 68 S.Ct. 525, 92 L.Ed. 746, *rehearing denied,* 333 U.S. 869, 68 S.Ct. 788, 92 L.Ed. 1147 (1948). *Compare Air Terminal Cab, Inc. v. United States,* 478 F.2d 575, 578–79 (8th Cir.), *cert. denied,* 414 U.S. 909, 94 S.Ct. 228, 38 L.Ed.2d 146 (1973). We are not so persuaded.

Affirmed.