JON R. POLLEI AND CAROL J. POLLEI, PETITIONERS
*v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

HARRY W. PATRICK AND RENEE L. PATRICK, PETITIONERS
*v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket Nos. 28737-84, 28738-84.          Filed October 28, 1986.

*Steven D. Woodland,* for the petitioners.
*Ronald J. Gardner,* for the respondent.

GERBER, *Judge*: Respondent determined 1981 Federal income tax deficiencies of $537.30 for petitioners Pollei and $442 for petitioners Patrick and their cases have been consolidated for purposes of trial, briefing, and opinion. The sole issue for our consideration is whether police officers are entitled to deduct the cost of operating an unmarked police department equipped vehicle between their residence and police headquarters.

## FINDINGS OF FACT

All petitioners resided in Salt Lake City, Utah, at the time each of the petitions was filed. Petitioners Jon R. Pollei (Pollei) and Harry W. Patrick (Patrick) were employed, during 1981, as captains in the Salt Lake City Police Department (SLCPD). During 1981, Pollei and Patrick commanded the detective and community affairs divisions, respectively. Police departments generally provide command officers (including captains) with police vehicles to assist in the performance of their duties. Prior to 1980, SLCPD supplied Pollei and Patrick with city-owned unmarked vehicles for their full-time use.

Pursuant to a Salt Lake City mayor's September 23, 1980, executive order to reduce costs, SLCPD Chief Willoughby issued an order, dated September 29, 1980, requiring command level officers to provide their own transportation.[1] Beginning October 1, 1980, each command level officer was to be placed on a car allowance program under which they would receive $250 per month. Under the program, SLCPD provided and installed the necessary paraphernalia to equip the privately owned vehicle for use as an unmarked police car. The conversion from city-owned to privately owned vehicles was an attempt to reduce police department operating costs. Chief Willoughby's order also contained an additional measure purporting to extend captains' (and other command officers') "tours of duty" from the time they report in and out by 2-way radio or telephone, rather than their actual arrival time at headquar-

---

[1] It is unclear whether the order required petitioners to supply their own transportation to and from work only or for all purposes. Apparently, the SLCPD would have provided a city-owned vehicle during their 8-hour work day, but not to be taken home or used during off-duty hours.

ters.[2] Their responsibilities and activity during travel to and from headquarters did not change when they converted from city-owned to privately owned vehicles. Because the police officers did not receive additional remuneration, Chief Willoughby theorized that the city received more hours of police protection for the same cost.

In addition to calling in, each command officer possessed a paging device and could be reached at any time within the Salt Lake City area. Pollei and Patrick were required to call in at any time (whether on or off duty) they used the unmarked, specially equipped vehicle. Command officers were not compensated for the time consumed traveling between their residences and headquarters at the beginning and end of each work day. Pollei and Patrick's compensated work day began at 8 a.m., at which time they were to arrive at headquarters for their 8-hour shifts. All command officers were subject to off-duty call-in.[3] Pollei and Patrick each averaged 4 to 6 responses per month to radio messages while en route to and from headquarters. Examples of their responses included breaking up a fight and backing up another officer.

Petitioners claimed deductions and credits in connection with the privately owned vehicles used for police activity. Respondent disallowed only the portion that related to operation of the vehicle between headquarters and petitioners' residences each day.[4]

## OPINION

This case adds yet another factual pattern to an already abundant melange of "commuting cases." Petitioners are police captains and were placed in "tour of duty" status during their daily round trip between their residences and police headquarters. This travel was accomplished in a specially equipped, privately owned unmarked vehicle sanc-

---

[2]The "on-duty call requirement" served a dual purpose. It was intended to place the officers in an earlier duty status providing additional patrol time and it placed privately owned vehicles under provisions of the city's self-insurance liability coverage. Apparently, the city was not liable unless the event occurred during the officer's "tour of duty."

[3]Apparently, petitioners' official obligations were no greater when traveling to and from their residences and headquarters than traveling in pursuit of purely personal objectives, such as grocery shopping, sports events, etc. As a police officer, there is an unwritten commitment to provide public assistance whether it occurs on or off duty.

[4]A $500 mathematical error Patrick made on his 1981 income tax return is not in dispute.

tioned by the police department. Respondent argues that petitioners' daily round-trip travel between their residences and headquarters is a nondeductible personal commuting expense. Secs. 162, 262.[5] Petitioners contend that their situation varies from the usual commuting case because it involves "a police officer who went on duty at the time he entered the police car and who provided police services during the time he was traveling." The parties' position presents the wholly factual question of whether petitioners were commuting under the circumstances of this case.

It is well established that expenses incurred in commuting from home to work are personal and not deductible. *Commissioner v. Flowers*, 326 U.S. 465 (1946); *United States v. Tauferner*, 407 F.2d 243 (10th Cir. 1969); secs. 162, 262; secs. 1.162-2(e), 1.212-1(f), 1.262-1(b)(5), Income Tax Regs. In order to be deductible, the travel "must be incurred in pursuit of business" and "necessary or appropriate to the * * * pursuit of business." *Commissioner v. Flowers, supra* at 467. Certain types of business-related travel have been found to be deductible: Travel while away from home, *Gilberg v. Commissioner*, 55 T.C. 611, 614 (1971); local travel incurred while performing a job, *Lopkoff v. Commissioner*, T.C. Memo. 1982-701; travel between jobs or job locations, *Fausner v. Commissioner*, 55 T.C. 620 (1971); travel between job locations where the principal place of business is located in the home, *Wisconsin Psychiatric Services, Ltd. v. Commissioner*, 76 T.C. 839 (1981); and possibly for an allocable portion of travel attributable to the transportation of job-required tools, *Fausner v. Commissioner*, 413 U.S. 838, 839 (1973).[6]

Petitioners' presentation is colorable and on the surface persuasive. They argue that the travel was necessary and in the performance of their jobs.[7] We must, however, find for respondent. We find that petitioners were not engaged in

[5]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.

[6]Petitioners' only position is that their travel between home and police headquarters was in performance of their jobs. No argument has been presented with respect to any of the other deductible categories of travel such as between jobs or while away from home.

[7]We are mindful of the importance of police services and the dedication and commitment of police personnel. Our charge, however, is to interpret the effect upon petitioners' income tax liability, which does not necessarily comport with local practices or reflect upon the quality or characterization otherwise attributed to a particular activity.

their jobs (business activity) during the time they traveled to and from headquarters. Petitioners admit that no previous case supports their position. They have attempted to distinguish several cases where police officers were denied travel expense deductions. *McCabe v. Commissioner*, 688 F.2d 102 (2d Cir. 1982), affg. 76 T.C. 876 (1981); *Chapman v. Commissioner*, T.C. Memo. 1982-68; *Bradley v. Commissioner*, T.C. Memo. 1973-163; *Marzano v. Commissioner*, T.C. Memo. 1970-159; *Fiore v. Commissioner*, T.C. Memo. 1968-104. Petitioners argue that their situation differs from these cases because petitioners' travel occurred within their "tour of duty," whereas the other officers' travel was outside their tours of duty. The police department's designation of petitioners' tour of duty as including commuting does not convert its status to that of a deductible business or job related expense. Petitioners, as supervisory police officers, were involved in "patrol" activity incidental to their primary responsibility. Petitioners' "patrol" responsibilities were no greater when in transit to headquarters from their homes than when they were involved in purely personal pursuits, such as going to a movie. Commuting is essential to most employees' employment, but is not a deductible expense. Commuting is one of the expenses that is so inherently personal that it cannot qualify for deductibility, irrespective of its role in the taxpayer's trade or business. *Moss v. Commissioner*, 80 T.C. 1073, 1080 (1983); affd. 758 F.2d 211 (7th Cir. 1985); *Fred W. Amend Co. v. Commissioner*, 55 T.C. 320, 325, 326 (1970), affd. 454 F.2d 399 (7th Cir. 1971); *Bakewell v. Commissioner*, 23 T.C. 803, 805 (1955).

Petitioners did not argue or prove that they incurred additional expense in driving to and from headquarters and their residences due to the requirement to call in or begin their "tour of duty."[8] They simply argue that the travel time had been designated by the department as occurring during their "tour of duty."

Petitioners direct our attention to 1984 legislation and a temporary regulation concerning fringe benefits. Section 132, enacted as part of the Deficit Reduction Act of 1984,

---

[8]Petitioners' allowance was a flat $250 monthly. It is conceivable that some of the allowance may have reimbursed purely personal travel.

Pub. L. 98-369, 98 Stat. 494, 665, excludes certain fringe benefits from gross income. Temporary Income Tax Regs. section 1.132-5T(h), 50 Fed. Reg. 52304 (Dec. 23, 1985), excludes from gross income the value of the use of an unmarked law enforcement vehicle. Section 132 and Temporary Income Tax Regs. section 1.132-5T are effective only for taxable years after the calendar year 1984. Petitioners' attempted analogy falls short for another reason. The excludability of a fringe benefit does not conversely reflect that the activity giving rise to the benefit would have been deductible if expended rather than received by the recipient. Indeed, the purpose or need to exclude "fringe benefits" from gross income is usually attributable to the fact that the recipient would not otherwise be entitled to an offsetting deduction.

To reflect the foregoing,

*Decisions will be entered for the respondent.*