**William H. READING and Beverly S. Reading, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 79-1466.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1980.

Decided Jan. 21, 1980.

Rehearing Denied Feb. 11, 1980.

William H. Reading, III, pro se.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Wynette J. Hewett, and Stanley S. Shaw, Jr., Attys., Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Taxpayers brought suit in the United States Tax Court contesting a deficiency assessment of $2,486.45 by the Commissioner for their 1975 federal income taxes. The deficiency assessment was based on (1) disallowing itemized deductions for housing, food, schooling, and medical expenses (not otherwise deductible under 26 U.S.C. § 213) because those expenses were nondeductible personal living or family expenses under 26 U.S.C. § 262, and (2) a determination that taxpayers owed self-employment taxes on reported self-employment income.

Before the Tax Court taxpayers conceded the disallowed deductions were for living or

family expenses but they contended that by disallowing deductions for those expenses Congress exceeded its authority to lay and collect income taxes under the sixteenth amendment, and that income means the gain or income received less the expense of living. The Tax Court rejected taxpayers' claims but redetermined the deficiency to be $2,468.29, and on January 25, 1979, the court entered its decision for the Commissioner. On appeal taxpayers claim they had no income, for income tax purposes, and on appeal they challenge the constitutionality of the tax laws and Tax Court.

The standard of review on appeal from the Tax Court is whether the Tax Court's factual findings are clearly erroneous (*see, e. g., Commissioner v. Duberstein*, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); *Smith v. Commissioner*, 608 F.2d 321, at 322 (8th Cir. 1979)), and "findings of fact are not clearly erroneous unless the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Smith v. Commissioner, supra*, 608 F.2d 321, at 323, *citing United States v. United States Gypsum Co.*, 333 U.S. 364, 394–95, 68 S.Ct. 525, 92 L.Ed. 746, *rehearing denied*, 333 U.S. 869, 68 S.Ct. 788, 92 L.Ed. 1147 (1948). The findings of the Tax Court that all except $78[1] of the claimed deductions were not expressly deductible under the 1954 Internal Revenue Code and were thus nondeductible under 26 U.S.C. § 262, and that taxpayers owed self-employment income tax on their self-employment income was correct. We have repeatedly rejected attacks on the constitutionality of the income tax laws; taxpayers claims of unconstitutionality are without merit, and thus we adopt the well reasoned decision of the Tax Court filed August 21, 1978.

It is so ordered.

---

1. $78 for state gasoline tax was not otherwise claimed as a deduction and was held by the Tax Court to be deductible as a tax expense under 26 U.S.C. § 164.