JOHN B. PEREZ, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Perez v. Commissioner
Docket No. 29919-82.
United States Tax Court
T.C. Memo 1983-519; 1983 Tax Ct. Memo LEXIS 266; 46 T.C.M. (CCH) 1195; T.C.M. (RIA) 83519; August 24, 1983. John B. Perez, pro se. John F. Driscoll, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: This case is before the Court on respondent's Motion for Summary Judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure. Respondent determined a deficiency of $6,769.53 in the 1980 Federal income tax of petitioner John B. Perez, and also determined that he was liable for additions to tax under section 6651(a)(1) [1] *267 ($132.94) and section 6653(a) ($338.48).We must decide first, whether respondent has shown that there are no disputed issues of material fact regarding petitioner's liability for the tax or additions thereto; and (2) whether respondent is entitled to judgment as a matter of law. The substantive issues before us are (a) whether wages earned by petitioner constitute gross income under section 61; (b) if so, whether respondent correctly determined petitioner's deficiency; (c) whether petitioner is liable for the addition to tax under section 6651(a) because of his failure to timely file a return; and (d) whether any part of petitioner's underpayment was due to negligence or intentional disregard of rules and regulations, rendering him liable for an addition to tax under section 6653(a). Petitioner John B. Perez resided in Clearwater, Florida when the returns and the petition in this case were filed. Petitioner filed a Form 1040 for the year ended December 31, 1980 on May 7, 1981. That form reported no gross income, and no income tax liability. Attached *268 to the return were W-2's showing the following information: Employer
Wages
Ford Plumbing Co., Inc.
$ 6,460.51
Universal Corporation
9,908.50
Southeastern Construction &
8,366.76
Maintenance, Inc.
Total
$24,735.77
The word "incorrect" was handwritten across the front of these three forms, but the figures correspond with those reported on information returns received by respondent. Petitioner admitted in his petition to this Court that "the companies did purchase property, in the form of labor, valued at $24,735.77 from the petitioner during calendar year 1980." Respondent determined that the wages were gross income, and issued a deficiency notice showing a tax liability of $6,769.53. In his petition Perez challenged the legal conclusion, but did not deny that he had received the money. On May 27, 1983, petitioner signed a Form 1040X showing gross income of $24,735.77. Appended to the return was a schedule claiming deductible business expenses of $3,211.20. These represent the costs petitioner incurred in travelling from his home to his place of employment. [2]
*269 Petitioner would have us believe that his wages are not "income" because they were received as an equal exchange for his labor. He claims that he had no gain, and therefore has no gross income. He bases his claim that the W-2's are incorrect upon this ground. Petitioner's argument has been rejected numerous times by this and other courts. Rowlee v. Commissioner,80 T.C. 1111, 1119 (1983); Reading v. Commissioner,70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980); Lynch v. Hornby,247 U.S. 339 (1918). Wages are specifically included in gross income by section 61(a)(1), and respondent was correct in that determination. Although petitioner filed an amended return shortly before trial claiming a deduction for certain commutation expenses, these were never put in issue by the pleadings. In any event, expenses incurred in travelling to and from his place of business are not deductible. Commissioner v. Flowers,326 U.S. 465 (1946); Hynes v. Commissioner,74 T.C. 1266, 1295-1296 (1980). Thus we conclude that respondent correctly calculated the deficiency at $6,769.53. The record *270 includes the return petitioner first filed for 1980 on May 7, 1981, almost one month late. Petitioner appeared prose and his only defense to the late filing addition was his contention that the return was timely filed. Since the return is of record, it is clear petitioner's recollection was faulty and he does not now appear to contend otherwise. Accordingly, he is therefore liable under section 6651(a)(1), the section imposing an addition to tax on persons who fail to file timely returns without showing reasonable cause for their delinquency. Section 6653(a) imposes an addition to tax on persons who are negligent, or who intentionally disregard rules and regulations in preparing their Federal income tax returns. Petitioner presented no facts in his petition to explain his failure to include wages in income. The specious argument raised by petitioner convinces us there was no reasonable cause for his omission, and we conclude that he is liable for the section 6653(a) addition. Respondent has borne his burden of showing that there are no disputed issues of material fact remaining to be resolved, and that he is entitled to judgment as a matter of law on both the deficiency *271 and the additions to tax. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue.↩
2. Although the only proof of these expenses is the schedule, we must assume that they were in fact incurred in ruling on the summary judgment motion. See 6 Moore, Federal Practice, par. 56.15 [3], (1982 ed.).↩