FRANK WILLIAM RICE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rice v. Commissioner
Docket No. 17279-81.
United States Tax Court
T.C. Memo 1984-13; 1984 Tax Ct. Memo LEXIS 661; 47 T.C.M. (CCH) 852; T.C.M. (RIA) 84013; January 9, 1984. Frank W. Rice, pro se. Robert P. Crowther, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax (self-employment tax) for the calendar year 1979 in the amount of $713. The issue for decision is whether petitioner is an independent contractor liable for the self-employment tax imposed by section 1401. [1]
*663 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, who resided in Bowling Green, Kentucky, at the time of filing his petition in this case, filed a joint Federal income tax return with his wife for the calendar year 1979 with the Director, Internal Revenue Service Center, Memphis, Tennessee. During the year here in issue and for some years prior thereto, petitioner was a salesman for Towndan Enterprises, Inc., which is headquartered in La Porte, Indiana. Towndan Enterprises, Inc., during the year here in issue and at least since 1975 has published and printed several publications. One of the publications is entitled "Homes of Distinction" and another the "Farm Record Book" or "Farm Recorder". In 1975, petitioner entered into a contract with Towndan Enterprises, Inc., under which he agreed to represent the publisher in sales of advertising in its publications in areas which might from time to time be assigned to him by the publisher. The contract provided that the salesman was solely responsible for and shall pay any expenses incurred to secure business for the publisher, and the publisher shall not pay any of the expenses of *664 the salesman. It further provided that the salesman was entitled to any account signed and worked by him as his exclusive account under the terms specified in the contract. The contract provided for payment to the salesman on a specified commission basis, such commissions to be due the salesman monthly, based on actual cash received by the publisher from the customers secured by the salesman. It provided for the length of time during which the publisher was required to continue payment to the salesman on previously obtained business if the salesman should cease representing the publisher. Paragraph six of the contract specifically stated: "It is understood that Salesman is an independent contractor and not an employee of Publisher for all purposes." The agreement further provided that it was binding on both the publisher and the salesman and their personal representatives and successors in interest and was not subject to oral modifications but could be modified only by written agreement signed by both parties. There was no statement of any termination date in the contract. During 1979, petitioner secured sponsors and sold advertising primarily for the Farm Record Book or Farm *665 Recorder, published by Towndan Enterprises, Inc. A Farm Record book is sponsored by a single organization, generally a production credit association. A salesman who earns commissions from the sale of advertising in a book for which he has secured the sponsor is entitled to an override commission as well as his advertising commission. Towndan Enterprises, Inc., obtains its income from the advertising sales, and the sponsor receives copies of the publication to distribute free, generally for public relation reasons. Towndan Enterprises, Inc., treated petitioner and all other salesmen operating in the same manner as petitioner as independent contractors. In doing this, it followed the practice established in the 1950's by a predecessor company. This practice was consistent with the practice generally followed in the industry printing similar publications. Towndan Enterprises, Inc., did not withhold income or social security taxes or any other form of taxes from the commissions paid to petitioner in the year 1979 or prior years. Towndan Enterprises, Inc., issued petitioner a Form 1099 designating his payments from the company as "nonemployee compensation." No officer or employee *666 of the publisher directed the days on which petitioner worked or the location in which he worked as long as that location was in his assigned territory or, if outside that territory, not within the assigned territory of another salesman. The salesman bought his own gasoline and paid his own traveling expenses, including meals and lodging if necessary. Petitioner, on his Federal income tax return for the year 1979, deducted $5,899.19 as the cost of meals and lodging expenses and $6,022 as car expenses. Other than an extended absence from work by a salesman during the period from some time in February to approximately mid-October, which was the busy season for Towndan Enterprises, Inc., no representative of the company exercised any control over when the salesman worked or did not work. A salesman was not prohibited from selling for other companies and could sell outside of his own territory except where the territory was the stated territory of another salesman of Towndan Enterprises, Inc. In fact, petitioner at various times sold for companies other than Towndan Enterprises, Inc. On his joint Federal income tax return with his wife for the calendar year 1979, petitioner reported *667 no self-employment tax. Respondent in his notice of deficiency computed self-employment tax on petitioner's self-employment income of $713, with the explanation that petitioner had net earnings of $400 or more from self-employment which were subject to self-employment tax. OPINION Section 1401provides a tax in addition to other taxes to be imposed on a taxpayer's net earnings from self-employment. Section 1402(a) generally defines net earnings from self-employment to mean the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed for computing self-employment net earnings which are attributable to such trade or business. Section 1402(c) provides that the term "trade or business," when used with reference to self-employment income or net earnings from self-employment, shall have the same meaning as when used in section 162 (relating to a trade or business expense), except that such term shall not include the performance of service by an individual as an employee. *668 Section 1402(d)provides that the term "employee" shall have the same meaning as when used in chapter 21 (section 3101 and following, relating to the Federal Insurance Contributions Act). Section 3121(d) defines an employee as any individual who under the usual common law rules applicable in determining the employer-employee relationship has the status of an employee. Section 31.3121(d)-1(c)(2), Employment Tax Regs., defines the common law employer-employee relationship as the relationship which generally exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which the result is accomplished. The regulation goes on to state that this means that an employee is subject to the will and control of the employer, not only as to what shall be done but how it shall be done. As we pointed out in Ellison v. Commissioner,55 T.C. 142, 152-153 (1970), *669 whether the employer-employee relationship exists in a given situation is a question of fact, and that the burden is on petitioner to prove the existence of the employer-employee relationship between himself and the company from which he receives payments where respondent has determined that he is not an employee. As we further pointed out, an employee relationship exists when the employer retains the right to direct the manner in which the work is done and to control the methods used in doing the work, as well as the details and means by which the desired result is accomplished. See Ellison v. Commissioner,supra at 153, and cases there cited. In Simpson v. Commissioner,64 T.C. 974, 984-985 (1975), we stated that among the relevant factors to be considered in determining whether an employer-employee relationship exists are (1) the degree of control exercised by the principal over the work done; (2) which party invests in the facilities used in the work; (3) opportunity of the individual for profit or *670 loss; (4) whether or not the principal had the right to discharge the individual; (5) whether the work is part of the principal's regular business; (6) the permanency of the relationship; and (7) the relationship the parties believe they are creating. In our view, considering the factors listed in the Simpson case and the nature of petitioner's relationship with Towndan Enterprises, Inc., it is clear that petitioner was not an employee of Towndan Enterprises, Inc., but rather was an independent contractor. The record shows that very little control was exercised by Towndan Enterprises, Inc., over petitioner's work and no control over the details of that work, that petitioner paid all his own expenses, and profit or loss depended on the commissions he earned. The record is not clear as to the rights of Towndan Enterprises, Inc., to discharge petitioner, but is clear that petitioner operated under a contract and that contract could not be modified except by agreement of the parties, though obviously, had petitioner breached the contract, Towndan Enterprises, Inc., would have had the normal rights incident to such a breach. Certainly, the parties here agreed by contract that the *671 relationship was that of independent contractor, and there was a relevant permanency to the relationship. Although Towndan Enterprises, Inc., received its income from advertising procured by salesmen, its major business was the publishing of the books in which the advertising was contained. As we pointed out in Simpson v. Commissioner,supra at 985, no one factor is controlling but the result is to be determined from the entire situation present in each case. On the facts here present, we conclude that petitioner was not an employee of Towndan Enterprises, Inc., but was an independent contractor subject to tax under section 1401. [2]
Petitioner also argues that the self-employment *672 tax is unconstitutional. However, the self-employment tax on numerous occasions has been held to be a constitutional tax. See Reading v. Commissioner,70 T.C. 730, 734-735 (1978) and cases there cited, affd. 614 F.2d 159 (8th Cir. 1980). Petitioner's final argument is that the instructions contained in Circular E, "Employer's Tax Guide," and in the instructions furnished to taxpayers with the 1979 Federal income tax forms were confusing as to who was considered as an employee and who was considered as self-employed. While we do not agree with petitioner that the instructions to which he refers are confusing, even if they were so considered this factor would not relieve petitioner from paying the self-employment tax. The argument petitioner is making is in the nature of estoppel. As we pointed out in some detail in Manocchio v. Commissioner,78 T.C. 989, 1001-1002 (1982), affd. 710 F.2d 1400 (9th Cir. 1983), generally the Government does not lose its revenue even because of an erroneous ruling by an administrative official. *673 Certainly, if the Commissioner is not estopped by an erroneous ruling which he corrects, as was concluded after an extended discussion in the Manocchio case, he would not be estopped by a confusing instruction. Petitioner here, as was the situation with the taxpayer in the Manocchio case, can show no detriment by the confusing statements, if such they are, in the circular published by the Commissioner and the instructions furnished with the Federal income tax return. We therefore hold that respondent is in no way estopped from collecting self-employment tax from petitioner. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩
2. Since we have disposed of the issue in this case on the basis of the facts of record, we do not consider respondent's argument that Towndan Enterprises, Inc., was entitled under section 530, Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2763, 2885, 1978-3 C.B. 1, 119, to treat petitioner as an independent contractor and that it follows that petitioner must be treated as an independent contractor for the purposes of the self-employment tax imposed by section 1401↩.