PAUL W. CONNELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Connell v. Commissioner
Docket No. 8192-81.
United States Tax Court
T.C. Memo 1984-29; 1984 Tax Ct. Memo LEXIS 642; 47 T.C.M. (CCH) 925; T.C.M. (RIA) 84029; January 16, 1984. Paul W. Connell, pro se. Francis C. Mucciolo, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned *643 to Special Trial Judge James M. Gussis pursuant to sections 7456(c) and (d)[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1977 in the amount of $18,926 and also determined an addition to tax for the year 1977 under 6653(a) in the amount of $946. In his amended answer the respondent also claimed an addition to tax for the taxable year 1977 under section 6651(a)(1) in the amount of $4,731. Pursuant to a joint motion of the parties this case was submitted to the Court fully *644 stipulated under Rule 122. The stipulation of facts and the attached exhibits are herein incorporated by this reference. Petitioner was a resident of Dunedin, Florida at the time the petition herein was filed. Respondent, in the statutory notice of deficiency, determined that petitioner failed to report (1) wages received from Virginia Dare Extract in the amount of $29,898; (2) Schedule C business income in the amount of $16,943; and (3) interest income and other income of $269. Petitioner has stipulated that during 1977 he was employed by Virginia Dare Extract and received wages in the amount of $29,897.78. It is settled law that wages received in exchange for labor or services constitute taxable income. Rowlee v. Commissioner,80 T.C. 1111 (1983), on appeal (2d Cir., September 13, 1983); Lonsdale v. Commissioner,661 F.2d 71 (5th Cir. 1981), affg. a Memorandum Opinion of this Court; Reading v. Commissioner,70 T.C. 730 (1978), affd. per curiam 614 F.2d 159 (8th Cir. 1980). Petitioner has also stipulated that he received interest income of $94.36 and other income in the amount of $175 in 1977. Finally, with *645 respect to the determination that petitioner failed to report Schedule C income of $16,943 in 1977, it has been stipulated that petitioner operated a business (as a sole proprietorship) under the name of General Merchandising Assoc. and had gross receipts from that business. Petitioner has the burden of showing error in respondent's determination. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a); see also Rule 122(b). Petitioner makes no serious effort to contest the correctness of respondent's determination. We must therefore on the basis of this record sustain the respondent. Petitioner's profuse objections based upon purported infringements of the privilege against self-incrimination under the Fifth Amendment are unfounded. Here, it is evident that only the civil tax liability was under investigation. Nothing in the record suggests, even remotely, the possibility of a criminal investigation. On these facts we must conclude that petitioner's constitutional objections are baseless. McCoy v. Commissioner,76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); Wilkinson v. Commissioner,71 T.C. 633 (1979); *646 Roberts v. Commissioner,62 T.C. 834 (1974). The next issue is whether petitioner is liable for an addition to tax under section 6651(a) for failure to file a timely return. Petitioner filed a Form 1040 for the year 1977 which disclosed no information relating to his income (except for minor items totalling $269.36) and deductions. Instead, the petitioner simply indicated "none" or "object-self incrimination" throughout the form. It is settled law that a Form 1040 prepared in this fashion, with no information showing a taxpayer's income and deductions, does not constitute a "return" within the meaning of sections 6011 and 6012. United States v. Porth,426 F.2d 519 (10th Cir. 1979); Hatfield v. Commissioner,68 T.C. 895 (1977). For the reasons given above, we do not believe that petitioner's purported reliance upon the privilege against self-incrimination constitutes "reasonable cause" for failure to file a proper timely return within the meaning of section 6651(a). The Fifth Amendment does not excuse any individual from reporting his income and filing an income tax return. Hatfield v. Commissioner,supra, at 898. *647 We conclude that respondent's imposition of the addition to tax under section 6651(a) must be upheld. [3]
Finally, we must determine whether petitioner is liable for an addition to tax under section 6653(a). We believe that the filing of a Porth-type return filled with the words "none" and "object-self incrimination" is evidence of petitioner's disregard of the law.We conclude that petitioner's underpayment of tax was due to negligence or intentional disregard of the tax laws. See Montoya v. Commissioner,T.C. Memo. 1983-36. We sustain respondent's determination of the addition to tax under section 6653(a). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based upon the authority of the "otherwise provided" language of that rule.
3. In so concluding we recognize that respondent bears the burden of proof on this issue which was raised by respondent in his amended answer. See Rule 142(a).↩