THOMAS J. RODECK AND JUDY A. RODECK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rodeck v. Commissioner
Docket No. 7781-84.
United States Tax Court
T.C. Memo 1986-99; 1986 Tax Ct. Memo LEXIS 511; 51 T.C.M. (CCH) 595; T.C.M. (RIA) 86099; March 13, 1986. Thomas J. Rodeck and Judy A. Rodeck, pro se. Rosabel I. Seigan, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: In separate notices of deficiency mailed to each petitioner on December 30, 1983, the Commissioner determined the following deficiencies in, and additions to, petitioners' Federal income tax: Thomas J. Rodeck
Additions to Tax
Year
Deficiency
Sec.
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654
6651(a)(1) [1]
1978
$4,978.00
$669.50
$248.90
$67.00
1979
5,583.00
1,087.50
279.15
168.97
1980
6,872.00
1,615.00
343.60
273.37
1981
10,849.00
2,553.00
542.45 *
895.12
*512 Judy A. Rodeck
Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
1978
$1,079.00
$57.25
$53.95
1979
689.00
50.50
34.45
The issues to be considered are: (1) Whether the wages received by petitioners, Thomas Rodeck and Judy Rodeck, resulted in taxable income; (2) whether petitioners are entitled to charitable contributions to a church; (3) whether, after having failed to file returns, petitioners are entitled to use the rates for taxpayers who are married and filing jointly; and (4) whether the additions to tax under sections 6651(a)(1), 6653(a)(1), 6653(a)(2) and 6654 are applicable, as appropriate, to petitioners. Petitioners, Thomas and Judy Rodeck (hereinafter either "Thomas" or "Judy"), are husband and wife and resided in Schererville, Indiana, at the time the joint petition was filed in this case. Petitioners are college educated and filed a joint Federal income tax return for the taxable year 1977. Thomas was employed *513 full-time as a salesman and national market specialist by Panduit Corporation and he was also employed part-time at Jay & Ernies Liquor City during the taxable years 1978 through 1981. Judy was an elementary school teacher and worked both full and part-time in local parochial and public schools during the taxable years 1978 through 1981. The parties have stipulated the amounts of wages that were received by both Thomas and Judy during the pertinent periods. Petitioners contend, however, that these wages are not subject to tax. During the taxable years 1978 and 1979, Thomas earned interest income in the amounts of $58 and $123, respectively. During the taxable years 1978 and 1979, Judy earned interest income in the amounts of $120 and 134, respectively. Other than the issues remaining for our consideration, the parties have stipulated all other income and deduction items for the taxable years in question and the parties' stipulation of facts and stipulation of agreed issues are incorporated herein by this reference. Petitioners' Contributions to Hegewisch Baptist Church
On this issue, petitioners, in their petition, claimed that their deductions for the taxable years *514 1980 and 1981 were $714 and $920. After filing the petition, petitioners now contend that their 1981 contributions totaled $1,920, rather than $920. In support of the claimed contribution deductions, Thomas testified that he attended church approximately half the Sundays and that he usually makes cash contributions in twenty-dollar increments. The contributions were placed in an envelope on which the amount was marked and the envelope was submitted to the church officials. Petitioners brought forth a witness, Mr. Ireland, who assisted the treasurer of the church organization and personally tallied petitioner's annual donations. Although the amount of contributions were not tallied during the year, the contributory envelopes were sorted and maintained and the tallying was done on an annual basis wherein the amounts from the envelopes were listed on a tally sheet for the entire year. The tally sheets were received in evidence for the taxable years 1980 and 1981 and reflected the amounts of $714 and $1,920, respectively. Respondent has contended that petitioners' church is somehow connected with tax protests and that the documentary evidence of contributions was not contemporaneously *515 maintained by the church and, further, may have been created for the purpose of trial. The record in this case simply does not bear out respondent's contentions and, accordingly, we find that petitioners are entitled to contributions in the amounts of $714 and $1,920 for the taxable years 1980 and 1981, respectively. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930); Clark v. Commissioner,T.C. Memo. 1970-98. Taxability of Petitioners' Wages
Petitioners herein do not consider themselves to be "protesters" and argue that there is no constitutional prohibition upon the taxation of wages. Petitioners argue that their "labor [was] given [in exchange for] consideration commensurate with the market value of such labor." Petitioners admit that the Sixteenth Amendment may be constitutional and they equate their receipt of wages to a concept similar to the return of capital. In essence, petitioners believe they have basis in their labor equal to its value and that, accordingly, the amount received, since it also equals the fair market value, is not taxable. The cases and materials cited by petitioners in their brief are insufficient to vary *516 the well-established precedent in this and other courts that wages are taxable income. Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983); Reading v. Commissioner,70 T.C. 730, 732-735 (1978), affd. 614 F.2d 159 (8th Cir. 1980). Accordingly, we hold that the amounts of wages stipulated to by the parties were taxable for the years in question. Additionally, petitioners have provided no evidence or arguments concerning why or whether the interest income to which they have stipulated should not also be taxable. Rule 142, Tax Court Rules of Practice and Procedure.
Use of Joint Income Tax Rates
Petitioners failed to file returns for the pertinent taxable years and respondent, in separate statutory notices of deficiency, determined that petitioners were entitled to file as married individuals filing separately. The net effect of respondent's determination would require petitioners to use the rates for individuals, rather than joint rates which, in this instance, would have provided less tax overall. It is well established that taxpayers may not "elect" rates for taxpayers filing jointly where they have failed to file returns. *517 Thompson v. Commissioner,78 T.C. 558 (1982); Howell v. Commissioner,T.C. Memo. 1981-631; Boyle v. Commissioner,T.C. Memo. 1975-307; contra, Tucker v. United States,8 Cl.Ct. 575 (1985). In the instant case neither petitioner had filed a return as of the time of trial. Accordingly, a proper election has not been made to entitle either petitioner to rates for taxpayers filing jointly. Additions to Tax
Respondent has determined additions to tax for negligence (section 6653(a)), late filing (section 6651(a)) and failure to pay estimated tax (section 6654). Petitioners simply argue it was their honest belief that amounts received in exchange for wages were not taxable. Accordingly, petitioners contend that it was reasonable for them not to file; they were not negligent in not reporting their tax and complying with the rules and regulations and there was no need to estimate tax. At the outset, we note that petitioners had interest income which they had not fit within their "wages are not taxable" argument. Further, there was an abundance of precedent in existence at the time that petitioners failed to file *518 returns which clearly held that their theories for failing to file or report income were inappropriate, incorrect or otherwise not reasonable to believe. Thompson v. Commissioner,78 T.C. 558, 563 (1982); Robinson's Dairy, Inc. v. Commissioner,35 T.C. 601, 608-609 (1961), affd. 302 F.2d 42 (10th Cir. 1962); Lamb v. Commissioner,T.C. Memo. 1973-71. We find that petitioners' failure to file, report income, estimate tax liability and comply with the rules and regulations was neither reasonable nor justified. Accordingly, the additions to tax under sections 6651(a), 6653(a)(1), 6653(a)(2) and 6654 are applicable, in the appropriate taxable years as determined by respondent. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. * 50 percent of interest due on $10,849.00↩