ROBERT D. STALLINGS AND BETTY A. STALLINGS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stallings v. Commissioner
Docket No. 34280-85.
United States Tax Court
T.C. Memo 1986-441; 1986 Tax Ct. Memo LEXIS 171; 52 T.C.M. (CCH) 492; T.C.M. (RIA) 86441; September 15, 1986. Robert D. Stallings, pro se. Michael A. Urban, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to section 7456(d)(3) of the Internal Revenue Code of 1954 and Rules 180, 181 and 182 of the Tax Court Rules of Practice and Procedure.[1]
*173 Respondent determined a deficiency in petitioners' Federal income tax for 1983 in the amount of $6,392 and also determined the following additions to tax: (1) under section 6653(a)(1) in the amount of $319.60; (2) under section 6653(a)(2) in the amount of 50 percent of the interest due on the underpayment of $6,392; (3) under section 6651(a)(1) in the amount of $135.36; and (4) under 6661(a) in the amount of $639.20. The issues are (1) whether wage income and other compensation payments received by petitioners in 1983 constitute taxable income; (2) whether the underpayment of tax was due to negligence or intentional disregard of rules and regulations; (3) whether petitioners failed to file a timely return for 1983 within the meaning of section 6651(a)(1); (4) whether there was a substantial understatement of income tax for the year 1983 within the meaning of section 6661(a); and (5) whether the Court should award damages to the United States under section 6673. Some of the facts were stipulated and they are so found. Petitioners were residents of Houston, Texas at the time the petition herein was filed. Their 1983 Federal income tax return was filed on June 24, 1984. During *174 the year 1983 petitioner Robert D. Stallings received wages in the total amount of $39,522.71 and unemployment compensation in the amount of $1,616. Petitioner Betty A. Stallings also received compensation in 1983 in the amount of $2,179. Petitioners apparently believe that they are entitled to deduct the "cost" of their labor and services from their wages and compensation, thus yielding them no taxable income. Their so-called "redress for grievances" simply encompasses arguments which have been repeatedly rejected by this and other Courts and require no extensive discussion. It is well settled that wages and compensation for services or labor are includable in gross income. Eisner v. Macomber,252 U.S. 189 (1920), with no reduction for the "cost" or the purported value of the labor performed. Abrams v. Commissioner,82 T.C. 403 (1984); Rowlee v. Commissioner,80 T.C. 1111 (1983); Reading v. Commissioner,70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980). Unemployment compensation is includable, with certain adjustments, in taxable income under the provisions of section 85. There is no merit *175 whatever in petitioner Robert D. Stalling's contention that he is not a "person" subject to taxes. See sections 1, 6001, 6011 and 6012; Rowlee v. Commissioner, supra at 1120. Moreover, respondent is authorized by statute upon the determination of a deficiency to send a notice of deficiency to the taxpayer, section 6212, and this Court has jurisdiction over income tax cases. Burns, Stix and Friedman & Co., Inc. v. Commissioner,57 T.C. 392 (1971). We conclude that wages and compensation received by petitioners, as well as the unemployment compensation, are includable in petitioners' taxable income for the year 1983. Respondent is sustained. The next issue is whether petitioners are liable for additions to tax under sections 6653(a)(1) and (2) for negligence or intentional disregard of rules and regulations. Petitioners have the burden of proof. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). In the absence of any persuasive evidence on this issue, we must sustain respondent's determination as to the addition to tax under sections 6653(a)(1) and (2), with the section 6653(a)(2) addition to be computed on an underpayment of $6,392. *176 Respondent determined an addition to tax under section 6651(a)(1) for failure to file a timely return for 1983. It is clear on this record that petitioners' return was untimely filed. Moreover, petitioners made no effort to show that such failure was due to reasonable cause and not due to wilful neglect and consequently have failed to meet their requisite burden of proof on this issue. We must therefore sustain respondent's determination as to addition to tax under section 6651(a)(1). Respondent determined that section 6661(a) is applicable under the facts of this case. We agree. Section 6661(a) provides that in the event of a substantial understatement of income tax for any taxable year, there should be added to the tax an amount equal to 10 percent of any underpayment attributable to such understatements.Section 6661(b) states that a "substantial understatement" exists if the amount of the understatement of income tax for the year exceeds the greater of (1) 10 percent of the tax required to be shown on the return, or (2) $5,000. It is clear on the facts of this case that a substantial understatement of income tax exists for the year 1983 and we therefore sustain the addition *177 to tax determined by respondent under section 6661(a). We next consider respondent's motion to award damages to the United States under section 6673. Said section provides that the Tax Court shall award damages to the United States not in excess of $5,000 where it appears to the Court that the proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless. The stale and thoroughly discredited arguments presented by petitioners in this case are manifestly frivolous and groundless. See McCoy v. Commissioner,76 T.C. 1027, 1029-1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). The inescapable inference compelled by this record is that petitioner instituted and maintained this proceeding primarily for delay. Accordingly, we award damages to the United States under the provisions of section 6673 in the amount of $1,000. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩