MICKY LOUISE OSTMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ostman v. Commissioner
Docket No. 27609-89
United States Tax Court
T.C. Memo 1991-506; 1991 Tax Ct. Memo LEXIS 555; 62 T.C.M. (CCH) 954; T.C.M. (RIA) 91506; October 3, 1991, Filed *555 An appropriate order and decision will be entered. Micky Louise Ostman, pro se. Cathy A. Goodson, for the respondent. PAJAK, Special Trial Judge. PAJAK
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rule 180 et seq. (Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for the taxable year in issue, and all Rule numbers refer to the Tax Court Rules of Practice and Procedure.) This case is before the Court on respondent's Motion to Dismiss for Failure to Properly Prosecute and respondent's Motion for Damages (a penalty) under Section 6673. Respondent determined a deficiency and additions to petitioner's Federal income tax as follows: Additions to Tax under Sections
Year
Deficiency
6651(a)(1)
6653(a)(I)(A)
6653(a)(1)(B)
6654(a)
1986
$ 1,226.00
$ 180.50
$ 61.30
*
$ 66.82
The notice of deficiency *556 determined additions to tax for negligence under section 6653(A)(1) and (2). During 1986, the correct section for negligence was section 6653(a)(1)(A) and (B). We treat the determination as having been made under the appropriate section for 1986. Respondent made determinations, based upon reports from various payors, that petitioner failed to report wages and interest as income on her Federal income tax returns for 1986. Petitioner resided in Lake Stevens, Washington, when her petition was filed. Petitioner admits that she did not file a tax return. Petitioner disputes respondent's determinations and claims, among other things, that: The Petitioner, an individual not subject to the indirect aspect of income taxation, thus not within the scope or purview of the internal revenue laws (IRC), vehemently disagrees with and objects to terms used in NOTICE: "taxpayer", "tax year", "tax identification number" and IRC references none of which, when used in reference to Petitioner, are substantiated by facts. Petitioner was involved in no revenue taxable activity; hence no tax liability exists.
Her arguments are groundless. Section 61 provides that "gross income means all *557 income from whatever source derived, including (but not limited to)" "Compensation for services, including fees, commissions, fringe benefits, and similar items" and "Interest." Petitioner's contention that she is not subject to taxation and therefore not liable for income taxes is without merit. The short answer to petitioner's assertions that she is not a taxpayer is that petitioner is not exempt from Federal income tax. Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984). In her petition and in numerous other filings with the Court, and at a hearing on respondent's motions, petitioner made tax protester arguments that have been repeatedly rejected by this Court and others as inapplicable or without merit. See, e.g., Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). We see no need to repeat these discussions here except to observe that in Abrams v. Commissioner82 T.C. at 406-407, the Court stated that: The Federal income tax laws *558 are constitutional. Since the ratification of the 16th Amendment, it is immaterial with respect to income taxes, whether the tax is a direct or indirect tax. The whole purpose of the 16th Amendment was to relieve all income taxes when imposed from apportionment and from a consideration of the source whence the income was derived. Brushaber v. Union Pac. R.R. Co., 240 U.S. 1, 60 L. Ed. 493, 36 S. Ct. 236 (1916). See Hayward v. Day, 619 F.2d 716 (8th Cir. 1980). Gross income means all income from whatever source derived including (but not limited to) wages. It includes income realized in any form, whether in money, property, or services. Sec. 61. Income as defined under the 16th Amendment is "gain derived from capital, from labor, or from both combined." Eisner v. Macomber, 252 U.S. 189, 207, 64 L. Ed. 521, 40 S. Ct. 189 (1920). Section 61 encompasses all realized accessions to wealth. Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 99 L. Ed. 483, 75 S. Ct. 473 (1955). See United States v. Buras, 633 F.2d 1356, 1361 (9th Cir. 1980), where the Court said -- "'the earnings of the human brain and hand when unaided by capital' are commonly treated as income" and "the *559 Sixteenth Amendment is broad enough to grant Congress the power to collect an income tax regardless of the source of the taxpayer's income." (Citations omitted.) "One's gain, ergo his 'income,' from the sale of his labor is the entire amount received therefor without any reduction for what he spends to satisfy his human needs." Reading v. Commissioner, 70 T.C. 730, 734 (1978), affd. 614 F.2d 159 (8th Cir. 1980). "Although the wages [gross income] received by [petitioner] may represent no more than the time-value of his work, they are nonetheless the fruit of his labor, and therefore represent gain derived from labor which may be taxed as income." (Emphasis added.) See Rice v. Commissioner, T.C. Memo 1982-129, and cases cited therein. See also Rowlee v. Commissioner, supra at 1119-1122, and cases cited therein; United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981). * * * Rule 34(b)(4) and (5) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been *560 committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." We agree with respondent that petitioner's petition does not allege any justiciable error with respect to respondent's determinations in the notice of deficiency and alleges no justiciable facts in support of any error as required by Rule 34(b)(4) and (5). Because petitioner refused to stipulate as required by Rule 91 and merely reiterated tax protester arguments, we agree with respondent that she did not properly prosecute her case. Accordingly, we will grant respondent's motion to dismiss for failure to properly prosecute, and decision will be entered for respondent for the amount determined in the notice of deficiency for the year 1986. We next consider respondent's motion for a penalty under section 6673. Section 6673(a)(1), as amended by section 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400 (applicable to positions taken after December 31, 1989, in proceedings pending on or commenced after such date), provides that: Whenever it appears *561 to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies,
the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
We find that petitioner has instituted and maintained this action primarily for delay and that petitioner's position in this proceeding is frivolous and groundless. Accordingly, we will grant respondent's motion for a penalty, and in our decision we will require petitioner to pay to the United States a penalty of $ 1,000. An appropriate order and decision will be entered. Footnotes
*. 50 percent of the interest due on $ 1,226.00, which is the underpayment of tax due to negligence.↩