T.C. Summary Opinion 2017-53

UNITED STATES TAX COURT

MARK S. SIEGEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2009-16S.                    Filed July 17, 2017.

Mark S. Siegel, pro se.

<u>Eric O. Young</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined an $11,637 income tax deficiency and additions to tax for failure to timely file, failure to pay timely, and failure to pay estimated tax for petitioner's 2012 tax year, as follows:

Additions to tax

| Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| --- | --- | --- |
| $2,618.33 | $1,687.37 | $208.64 |

Petitioner does not dispute that he received the income on which the deficiency is based and that he did not timely file a return or pay tax or make estimated tax payments. Instead, petitioner contends that he is not liable for income tax. The issue for our consideration is whether petitioner is liable for Federal income tax.

Background

Petitioner resided in Florida when his petition was filed. He did not file a 2012 Form 1040, U.S. Individual Income Tax Return, before respondent issued the notice of deficiency on October 26, 2015. During 2012 petitioner received $28 of interest income and $50,789 of self-employment income, and he made no payments toward his 2012 income tax liability. Petitioner believes that he is not

legally obligated to pay tax.  His belief is based on his personal research of the tax laws and cases.

Discussion[2]

Respondent has characterized petitioner as a tax protester and further contends that his position is frivolous.  Respondent stated an intention to move for a section 6673 penalty, but he made no formal motion.  Petitioner believes and contends that "there is no statute which plainly and clearly lays liability for the tax on * * * [him] for that year 2012."  He argues that the tax liability "must be plainly and clearly * * * [stated] and any ambiguity must be resolved against the Government."  Petitioner notes that the "Internal Revenue Code contains over 3.4 million words, most of which are incomprehensible to average Americans."

In general, petitioner's premises are based on his research in which various courts have stated that "strict construction applies to issues of not only what is taxed, and how the amount of tax is calculated, but to who is liable for its payment as well * * * [and] in statutes levying taxes, the literal meaning of the words employed is most important".  Petitioner contends that a "search of the Internal Revenue Code reveals many references to liability, and every single tax in the

---

[2]No issues were raised by the parties concerning the burden of proof or production.

Code has a specific section usually titled Liability for Tax, or Persons Liable, that clearly and plainly identifies all those who are liable for that particular tax." He concludes: "[N]owhere in any of the dozens of sections in the Code can be found * * * [a] statute or law that plainly and clearly imposes liability for the Federal income tax on the average American worker."

Petitioner cites numerous example of specific text such as: section 4401, which levies a tax on each person who is engaged in the business of accepting wagers; section 4972, tax on contributions to qualified employer pension plans imposing a tax on "the employer making the contributions"; and section 5703, excise tax on manufactured tobacco products stating that manufacturers and importers of tobacco products "shall be liable for the taxes imposed" by this section.

The sections petitioner cites involve excise taxes. When asked whether any income tax sections have similar text, petitioner indicated that section 1461 "makes the withholding [tax] agent for non-resident aliens and foreign corporations liable for the income tax." In essence, petitioner's argument is that there is no specific provision directing him to pay or stating that he is liable for income tax. When asked what particular words should be included in an income tax statute that would make him liable, petitioner was unable to provide any

examples; and he reiterated that the existing income tax statutes are ambiguous and not sufficiently direct to cause his liability or require his payment of tax. However, he contends that calling an individual a "taxpayer" does not make him or her liable for the tax.

Petitioner has been formulating his position with respect to the income tax laws over a period of years on the basis of his personal research. Each time he approaches respondent with his ideas, his position is perfunctorily labeled "frivolous" and he receives no response. Petitioner believes that average American citizens should be able to question their Government about the tax laws, and he refuses to give up merely because he did not receive a response to his questions.

Initially, respondent counters petitioner's position by stating that section 1(c) imposes a tax on the taxable income of every individual. Respondent continues that section 6012 requires that a return "shall be made by" every individual having gross income which equals or exceeds the exemption amount. Finally, section 61(a) provides that "gross income means all income from whatever source derived" and then it goes on to provide examples of income. Respondent cited the following cases in his pretrial memorandum: Commissioner

v. Glenshaw Glass Co., 348 U.S. 426 (1955) and Reading v. Commissioner, 70 T.C. 730, 733-734 (1978), aff'd per curiam, 614 F.2d 159 (8th Cir. 1980).

Petitioner, however, continues to argue that the law is ambiguous and that an individual is not necessarily a taxpayer and makes other similar sophistical semantic distinctions. His arguments derive from analyses lifted out of context from Supreme Court cases generally involving excise tax. One such case, United States v. Calamaro, 354 U.S. 351, 351 (1957) (the most current of the cases he references) involved "whether the * * * [defendant], a so-called 'pick-up man' in a type of lottery called the 'numbers game,' is subject to the annual $50 special occupational tax enacted by Subchapter B of Chapter 27A (Wagering Taxes) of the Internal Revenue Code of 1939, 65 Stat. 530, 26 U.S.C. § 3285 et seq." The Supreme Court held that the words of the statute did not include a "pick-up man" and that the Government's attempt to include such individuals was overreach. Id. at 356-357. In reaching its conclusion, the Court relied on the plain language of the statute. Petitioner interprets that case to require Congress to specifically designate individuals and to specifically require them to pay tax.

More than 100 years of tax jurisprudence refute petitioner's position that he is not a taxpayer who is required to file a return and/or pay tax. We quote the

apropos language of this Court in Reading v. Commissioner, 70 T.C. at 733, as follows:

> It is difficult, if not impossible, to respond to arguments such as petitioners have put forth without becoming embroiled in a game of semantics. The logical force requiring rejection of their arguments--apart from their assertions of personal political philosophy which do not provide a basis for us, a Court sitting to interpret the law, to decide the questions dispositive of this case--is essentially a matter of the definition of terms. Thus, should we hold that "gain" is an essential element of income, compare Conner v. United States, 303 F. Supp. 1187 (S.D. Tex. 1969), affd., revd., and remanded 439 F.2d 934 (5th Cir. 1971), with McGuire v. United States, an unreported case (N.D. Cal. 1970, 25 AFTR2d 1127, 70-1 USTC par. 9384), we would still face the problem of defining what constitutes "gain." Compare Conner v. United States, supra, with McCabe v. Commissioner, 54 T.C. 1745, 1748 (1970). It is in situations like this that one can truly admire the wisdom of Mr. Justice Holmes, in particular, as he expressed in United States v. Kirby Lumber Co., 284 U.S. 1 (1931), "We see nothing to be gained by the discussion of judicial definitions." [Fn. ref. omitted.]

Petitioner has not made his argument in Court before. He admits receiving the income, failing to file a return and to pay tax timely, and failing to make estimated payments of tax. He was forewarned that he could be subject to a penalty under section 6673 if he instituted or maintained this proceeding primarily for delay or if his position is frivolous or groundless. In spite of the warning, petitioner wanted his day in court and an opportunity to present the arguments that respondent had summarily rejected. We believe that petitioner's research,

concerns, and intentions were not to delay and that he honestly presented them because he believed it was his right as a citizen.

Petitioner has been given an opportunity to present his position in court, and we hold that it is without support in the cases or statutes proffered. We hold that respondent's determination was not in error and that petitioner is liable for the income tax deficiency and section 6651 and 6654 additions to tax as determined. We caution petitioner that future advancement of this or similar arguments may well result in penalties of up to $25,000 under section 6673.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.